Per Curiam.

Upon his arrest and charge of theft of police radios, plaintiff was suspended without pay from his civilian job with appellant Police Department. By letter dated February 25, 1974, in connection with a request from the department that plaintiff appear at its office regarding disciplinary proceedings, plaintiff’s counsel wrote the department, inter alia "that there are presently criminal proceedings pending which would preclude you from proceeding on departmental charges”. On April 3, 1974 plaintiff pleaded guilty to a reduced charge to cover the full indictment. In return for the District Attorney’s recommendation that the plea be accepted, plaintiff agreed that he would resign from the department and would release the appellants of any civil liability. Based on *52 the District Attorney’s recommendation, the reduced plea was thereupon accepted.
In these circumstances, respondent may not properly claim that he is entitled to back pay for the period between his suspension and final termination of his employment because the suspension, not having been invoked pursuant to departmental disciplinary proceedings as provided in section 75 of the Civil Service Law was improper. Nor may he recant or reinterpret all or part of the release as entered on the record in the presence of himself and counsel, describing it as only intended to protect the arresting officers from an action for unlawful arrest.
Judgment, entered March 4, 1975, reversed, with $30 costs and complaint dismissed with costs..
Concur: Fine, J. P., Frank and Hughes, JJ.